UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

—v—

Joseph Dwyer,

                Defendant.

15-cr-385 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendant Joseph Dwyer's second request for the early termination of his term of probation. For the reasons that follow, this request is granted, in part.

I.    BACKGROUND

    Joseph Dwyer pleaded guilty to conspiracy to bribe an employee of a local government agency that receives federal funding in violation of 18 U.S.C. § 371 on January 19, 2016. *See* Dkt. No. 68. Taking into account Dwyer's non-existent criminal history, the Sentencing Guidelines' range for this crime was 10–16 months of incarceration. *See* Dkt. No. 106 at 7:7-9. At the sentencing hearing on May 20, 2016, the Court noted that this conviction was Dwyer's first offense; that he pleaded guilty and accepted responsibility; that he was going to suffer serious consequences to his livelihood as a result of the conviction; and that the letters submitted on Dwyer's behalf showed that he was a hard-working individual dedicated to public service. *See id.* at 34:23-35:1. In light of these factors, the Court determined that a non-incarceratory sentence was appropriate. Accordingly, the Court sentenced Dwyer to a five-year term of probation. *Id.* at 37:4-5; Dkt. No. 101.

    On May 23, 2017, Dwyer sent a letter to the Court requesting that the Court terminate his probation early. *See* Dkt. No. 116. At that time, the Government and Dwyer's Probation Officer

indicated that they had no objection to early termination. *See* Dkt. No. 119. The Court nonetheless denied this request in an Order dated October 25, 2017.

On March 11, 2019, Dwyer sent a second letter to the Court requesting early termination of his period of probation. As of the date of this Order, Dwyer has served approximately 37 months of his 5-year probationary sentence.

## II. DISCUSSION

As the Court explained in its October 25, 2017 Order, after a defendant has served at least one year on probation, the Court "may . . . terminate a term of probation previously ordered and discharge the defendant, . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable" in making a termination determination pursuant to § 3564(c). The 3553(a) factors are:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) the need for the sentence imposed—
>      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>      (B) to afford adequate deterrence to criminal conduct;
>      (C) to protect the public from further crimes of the defendant; and
>      (D) to provide the defendant with needed educational or vocational training, medical care, or other treatment in the most effective manner;
>  (3) the kinds of sentences available;
>  (4) the kinds of sentence and the sentencing range established for—
>      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Guidelines] . . .
>  (5) any pertinent policy statement—
>      (A) issued by the Sentencing Commission . . .
>      (B) that . . . is in effect on the date the defendant is sentenced.
>  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Second Circuit has explained that early termination of probation may be appropriate "to account for new or unforeseen circumstances," like "exceptionally good behavior by the defendant." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (considering a request in the analogous context of early termination of supervised release). Though new or changed circumstances are not a prerequisite to early termination, *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam), a defendant's full compliance with the terms of probation, without more, generally does not warrant early discharge from probation, *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). After all, if every defendant who complied with the terms of a probationary sentence were entitled to early termination of that sentence, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

In rejecting the previous request for early termination of probation, the Court noted that though Dwyer's probation officer had stated that Dwyer had taken advantage of the opportunities afforded to him and made "great strides,…there [was] no evidence about what those strides were or what progress Dwyer ha[d] made." Dkt. No. 120. Thus, there was no evidence that Dwyer had done more than "fully comply with the terms of probation," which, as discussed above, is not generally sufficient to justify early termination of probation. *Id.* In support if his second request, Dwyer has included evidence of the substantial steps he has taken to reintegrate in the community and turn his life in a positive direction. These steps include obtaining a Certificate of Relief from Disabilities, reinstatement of his Private Investigation License, and issuance of a Security License. *See* Dkt. No. 123. This evidence, combined with the statement of Dwyer's probation officer, suggest "exceptionally good behavior" that may warrant a reduction in the term of probation. *Lussier*, 104 F.3d at 36.

3

On the other hand, the Court is cognizant of the need to ensure that the sentence imposed accurately reflects the seriousness of Dwyer's offense, constitutes just punishment, and affords adequate deterrence to criminal conduct. Indeed, the sentence as originally imposed was below the range indicated in the Sentencing Guidelines, and took into account the mitigating aspects of Dwyer's individual characteristics and the impact of a conviction on Dwyer's livelihood. At present, Dwyer has served only approximately 37 months of his five-year term; immediate termination of his term of probation would result in a sentence *substantially* below the Guidelines range, and would not adequately reflect the interests reflected in the § 3553(a) factors.

Considering both Dwyer's exceptional progress and the purposes set forth § 3553(a), the Court concludes that a modest reduction in his term of probation is appropriate. The Court determines that a reduction of the probationary term from five to four years is warranted by Dwyer's conduct and the interest of justice. Accordingly, the Court grants Dwyer's second request for early discharge from probation, in part.

### III. CONCLUSION

For the reasons set forth above, Dwyer's term of probation shall be terminated and Dwyer discharged after a period of 48 months. This Order will be mailed by Chambers to the pro se Defendant.

SO ORDERED.

Dated: July 2, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge